IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERESA DIANE ALLEN, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | No. 5:14-CV-170 (CAR) |
| U.S. BANK N.A., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER ON REQUEST FOR EMERGENCY PRELIMINARY INJUNCTIVE RELIEF**

*Pro se* Plaintiff Teresa Diane Allen moves the Court to enjoin Defendant U.S. Bank N.A. from conducting a foreclosure sale on certain "Collateral" scheduled for May 6, 2014.[1] Although unclear, Plaintiff appears to contend that she settled all debt with Defendant as of April 21, 2014, thereby prohibiting Defendant from proceeding with the sale. Although the Court has liberally construed Plaintiff's *pro se* filings, she nonetheless fails to meet the stringent requirements to obtain preliminary injunctive relief.[2] Thus, Plaintiff's Request for Emergency Preliminary Injunctive Relief [Doc. 2] is **DENIED**. Because Plaintiff does not specify whether she seeks to enjoin a judicial or non-judicial foreclosure sale, the Court addresses each possibility in turn.

First, to the extent Plaintiff seeks to enjoin <u>judicial</u> foreclosure proceedings, such

---

[1] [Doc. 2, p. 2].
[2] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that *pro se* pleadings are "held to less stringent standards than formal pleadings drafted by lawyers") (citations and internal quotation marks omitted).

relief is barred by the Anti-Injunction Act, 28 U.S.C. § 2283.  The Anti-Injunction Act absolutely prohibits a federal court from enjoining a proceeding in a state court unless it falls within one of three exceptions: (1) the injunction is "expressly authorized by Act of Congress," (2) the injunction is "necessary in aid of [the court's] jurisdiction," or (3) the injunction is necessary "to protect and effectuate [the court's] judgments."[3]  These exceptions do not apply in the instant case, and, therefore, the Anti-Injunction Act bars injunctive relief to stop judicial foreclosure proceedings.[4]

Second, Plaintiff fails to satisfy the prerequisites to enjoin <u>non-judicial</u> proceedings.  Plaintiff must establish all four of the following to receive injunctive relief: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.[5]  Preliminary injunctive relief "is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites."[6]  In this case, Plaintiff merely states

---

[3] *Id.*; *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 286 (1970).
[4] *Wideman v. Bank of Am., N.A.,* 3:11-CV-145 CAR, 2011 WL 6749829, at *5-6 (M.D. Ga. Dec. 23, 2011); *First Fed. Sav. & Loan Ass'n of Warner Robins v. Ohio Valley Sav. & Loan Ass'n of Steubenville, Ohio,* 666 F. Supp. 215, 27-18 (M.D. Ga. 1987) (holding no exception in the Anti-Injunction Act applied to enjoin state foreclosure proceedings).
[5] *Siebert v. Allen*, 506 F.3d 1047, 1049 (11th Cir. 2007).
[6] *Siegel v. Leopore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

2

that the May 6, 2014 foreclosure sale "will cause irreparable harm to [her] interests."[7] This conclusory statement does not satisfy Plaintiff's heavy burden of persuasion.

Moreover, Plaintiff's request must be denied because she has failed to comply with Rule 65 of the Federal Rules of Civil Procedure.  Rule 65 states that "[t]he court may issue a preliminary injunction . . . <u>only if</u> the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."[8]  Plaintiff has not offered security as required under this rule.

Thus, for the foregoing reasons, Plaintiff's Request for Emergency Preliminary Injunctive Relief [Doc. 2] is **DENIED**.

**SO ORDERED,** this 2nd day of May, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

BBP/adp

---

[7] [Doc. 2, p. 2].
[8] Fed. R. Civ. P. 65(c) (emphasis added).

3